# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAY WILLIAM JOLLEY,

    Plaintiff,

    v.                                                   No. 17-CV-00436-JAP-GBW

SAN JUAN COUNTY ADULT DETENTION
CENTER, FNU HAVAL, FNU WEBB,
JOHN AND JANE DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, considers Plaintiff Jay William Jolley's Complaint for Violation of Civil Rights (Complaint) [Doc. 1], filed on April 10, 2017. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. Plaintiff's Complaint will be dismissed without prejudice under §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may be granted. Plaintiff will be granted thirty (30) days in which to file an amended complaint.

On April 10, 2017, Plaintiff filed a Complaint For Violation of Civil Rights (Complaint) against Defendants San Juan County Adult Detention Center, Warden Havel, Assistant Warden Webb, and unknown medical nursing staff members and jail officers. [Doc. 1] Plaintiff alleges that he had a broken ankle when he was admitted for booking and pretrial detention at the San Juan County Adult Detention Center on June 3, 2016. [Doc. 1 at 12] Plaintiff further alleges that unnamed officials at the San Juan County Adult Detention Center refused his requests for medical treatment and instead "punished" him by forcing him to wear a "turtle suit" and placing

him on suicide watch. [Doc. 12 at 13] After four days, Plaintiff was transported to San Juan Regional, where x-rays were performed and he was diagnosed with a fractured tibia. [Doc. 1 at 15] Plaintiff contends that the delay in medical treatment "may cause perminate [sic] damage & infringe upon [his] ability to walk and function at 100% of [his] ability." [Doc. 1 at 15] Plaintiff's Complaint seeks monetary damages for the alleged violation of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. [Doc. 1 at 5]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Although municipalities and local governments are "persons" subject to suit under § 1983, *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 690 (1978), "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983," *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished). Defendant San Juan County Adult Detention Center is a governmental sub-unit and, therefore, it "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. 2000) (unpublished).

To the extent that Plaintiff's Complaint liberally may be construed to name the Board of County Commissioners of the County of San Juan[1] as a defendant, it nonetheless fails to state a claim on which relief may be granted. It is well established that a county cannot "be held liable *solely* because it employs a tortfeasor – or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 658 (emphasis in original). Rather, counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1983); *see Monell*, 436 U.S. at 694 ("[I]t is

---

[1] New Mexico state law governs the capacity of a governmental entity to be sued. *See* Fed. R. Civ. P. 17(b). Under New Mexico law, counties are granted the same powers as municipalities and, therefore, may sue and be sued. *See* NMSA 1978, §§ 3-18-1(A) and 4-37-1. Nonetheless, "[i]n all proceedings by or against a county, the name in which the county shall be sued shall be the board of county commissioners of the county of [the appropriate county]." NMSA 1978, § 4-46-1.

3

when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff's Complaint does not allege that San Juan County had an official policy or custom that caused the alleged constitutional violation and, therefore, Plaintiff's § 1983 claims against Defendant San Juan County Adult Detention Center will be dismissed without prejudice.

Plaintiff's Complaint also names Warden Haval and Assistant Warden Webb as defendants. "Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates" and, therefore, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate intentional act by the supervisor to violate constitutional rights." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citation omitted). To "demonstrate an affirmative link between the supervisor and the violation," the plaintiff must satisfy "three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotation marks and citation omitted). Plaintiff's Complaint does not allege that Defendants Haval and Webb personally were involved in the alleged deprivation of medical care, nor does it allege that they adopted a "plan or policy . . . –express or otherwise—showing [their] authorization or approval of such misconduct." *Id.* at 1201 (internal quotation marks and citation omitted). Because Plaintiff's Complaint fails to allege facts demonstrating an affirmative link between Defendants Haval and Webb and the alleged violation of Plaintiff's constitutional rights, Plaintiff's § 1983 claims against them will be dismissed without prejudice for failure to state a claim on which relief may

be granted.

Lastly, Plaintiff's Complaint names as defendants "unknown medical Dept nurses & nursing administration" and "unknown jail officers." [Doc. 1 at 3] "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Additionally, a § 1983 complaint that names multiple governmental actors must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Thus, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Plaintiff's Complaint fails to allege any facts from which the unknown defendants may be identified and it fails to describe any specific actions taken by particular unknown defendants. Therefore, Plaintiff's § 1983 claims against the unknown defendants will be dismissed without prejudice for failure to state a claim on which relief may be granted.

Plaintiff may be able to cure the deficiencies in his Complaint with more precise pleading. The Court will grant Plaintiff thirty (30) days in which to file an amended complaint. Plaintiff's amended complaint must identify the person or persons responsible for the alleged

constitutional violations and "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure timely to file an amended complaint may result in the dismissal of this action without further notice.

IT IS ORDERED that:

1. Plaintiff's Complaint For Violation of Civil Rights [Doc. 1] is DISMISSED without prejudice; and Plaintiff is allowed to file an amended complaint by October 23, 2017; and

2. The Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE